1

2

3

4

5

6

7

8 UNITED STATES DISTRICT COURT

9 CENTRAL DISTRICT OF CALIFORNIA

10

11 MARTIN GARCIA and LETICIA PEREZ, )   Case No.: CV12-09035 MWF(CWx)
in each case individually and as successor in )   *[Assigned to District Judge Michael*

12 interest of STEVE RODRIGUEZ, deceased, )   *Fitzgerald and Magistrate Judge*
)   *Carla Woehrle]*

13                 Plaintiffs, )
)

14 vs. )
)   **[PROPOSED]** **PROTECTIVE**

15 CITY OF MONTEREY PARK; )   **ORDER**
MONTEREY PARK POLICE )

16 DEPARTMENT; JIM SMITH, as an )
individual and as Chief of Police; )

17 MONTEREY PARK FIRE )
DEPARTMENT; JAMES BIRRELL, as an )

18 individual and as Fire Chief; PETER )
PALOMINO, an individual; EVERADO )

19 ROMO, an individual; and DOES 1-50, )
inclusive )

20 )
                Defendants. )

21 _____ )

22

23       Defendants CITY OF MONTEREY PARK, JIM SMITH, JAMES BIRRELL,

24 PETER PALOMINO and EVERADO ROMO and plaintiffs MARTIN GARCIA and

25 LETICIA PEREZ, in each case individually and as successor in interest of STEVE

26 RODRIGUEZ, deceased, submit their Joint Stipulation and [Proposed] Protective

27 Order before this Court.

28 ///

C:\Tmp\STIP.001.Order.wpd

The Court has read and considered all of the papers filed in support of this stipulation.  Good cause appearing, this Court makes the following orders.

**IT IS THEREFORE ORDERED** that the Joint Stipulation and Protective Order Thereon is **GRANTED** as follows:

## TERMS OF THE PROTECTIVE ORDER

Plaintiffs' counsel shall have sole custody and control over the documents identified in paragraph 1 of the parties' Joint Stipulation and Protective Order

Documents set forth in paragraph 1 of the parties' Joint Stipulation and Protective Order are deemed confidential, except to the extent set forth in the Joint Stipulation and Protective Order, and shall be used solely in connection with this litigation and the preparation and trial of this case, or any related appellate proceedings, and not for any other purpose, including any other litigation, and may not be disclosed or disseminated to other persons, including any other counsel other than as set forth herein;

Plaintiffs' counsel alone will have custody, control and access to the documents, reports and writings, and will be prohibited from releasing or disseminating the reports or files, or the information contained within the reports or files to other persons including legal counsel other than set forth in paragraph 18 of the parties' Joint Stipulation and Protective Order;

Plaintiffs' counsel may make copies of the reports and files, but plaintiffs' counsel will be prohibited from releasing or disseminating such copies or the information contained within such copies other than as set forth herein;

The documents identified in paragraph 1 of the parties' Joint Stipulation and Protective Order may be submitted in all law and motion proceedings if done so pursuant to Local Rule 79-5 which states:

> ***L.R. 79-5.1 Filing Under Seal or In Camera-Procedures***. Except when authorized by statute or federal rule, or the Judicial Conference of the United States, no case or document shall be filed under seal or in camera without prior approval by the Court. Where approval is required, a written application and a proposed order shall be

presented to the judge along with the document submitted for filing under seal or in camera. The proposed order shall address the sealing of the application and order itself, if appropriate. The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope. Conformed copies need not be placed in sealed envelopes. Where under-seal or in-camera filings are authorized by statute or rule, the authority therefor shall appear on the title page of the proposed filing. Applications and proposed orders to seal or file in camera, along with the material to be sealed or submitted in camera, shall not be electronically filed but shall be presented to the Clerk for filing in paper format, in the manner prescribed by Local Rule 79-5. Unless the filer is exempted from electronic filing pursuant to L.R. 5-4.2(a), a Notice of Manual Filing shall first be electronically filed identifying the materials being manually filed. A copy of the Notice of ManualFiling, together with its NEF (*see* L.R. 5-3.3), shall be presented with the documents presented for filing.

**L.R. 79-5.2 Confidential Court Records - Disclosure**. No sealed or confidential record of the Court maintained by the Clerk shall be disclosed except upon written order of the Court.

**L.R. 79-5.3 Procedure for Disclosure of Confidential Court Records**. An application for disclosure of sealed or confidential court records shall be made to the Court in writing and filed by the person seeking disclosure. The application shall set forth with particularity the need for specific information in such records. The procedures of L.R. 7-3 *et seq*. shall govern the hearing of any such application.

All disputes regarding this Protective Order shall be handled pursuant to Local Rule 37.

The documents may be disclosed to the following persons:

(a)     counsel for any party to this action;

(b)     paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in paragraph (a);

(c)     court personnel including stenographic reporters engaged in such proceedings as are necessary incident to preparation for the trial in this action;

(d)     any outside expert or consultant retained in connection with this action, and not otherwise employed by either parties;

(e)     any "in-house" or outside experts designated by the defendants to testify

C:\Tmp\STIP.001.Order.wpd

at trial in this matter; and

(f)     any party or witnesses to this action.

Any documents so disclosed will explicitly require inclusion of a copy of this Protective Order as well as the parties' Joint Stipulation and Protective Order and written instructions from counsel directing compliance with same.

If, in connection with any deposition taken in this action, plaintiffs' attorneys question a witness regarding materials subject to this Protective Order, or uses confidential material as deposition exhibits, at the request of defense counsel, the transcripts of such deposition testimony and the attached exhibits shall be designated as confidential material and shall be subject to the provisions of the parties' Stipulation and Protective Order.

The purpose of the parties' Joint Stipulation and Order is not intended to prevent officials or employees of the City of Monterey Park or other authorized government officials from having access to the documents if they would have had access in the normal course of their job duties.

The Court notes as follows: Defendants' decision to enter into the parties' Joint Stipulation and Protective Order is made without waiver of the privileges and rights afforded to them, including, but not limited to, the right to privacy embodied by the United States Constitution or the right to object at the time of trial to the admissibility of such or to preclude defendants from filing pre-trial motions with regard to the admissibility thereof or the information contained therein.

The Court notes as follows: Plaintiffs' counsel does not agree or stipulate that any privilege as asserted by defendants herein applies or attaches to the documents which are the subject of the parties' Joint Stipulation and Protective Order . However, in the interest of case momentum and conserving judicial resources, Plaintiffs' counsel agrees to maintain the documents in agreement with the terms of the parties' Joint Stipulation and Order.

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The provisions of this Protective Order shall be in effect until further Order of the Court or Joint Stipulation by counsel for the parties.

**IT IS SO ORDERED.**

DATED: April 12, 2013

_____
United States Magistrate Judge

C:\Tmp\STIP.001.Order.wpd

1

Respectfully submitted by:

2

Eugene P. Ramirez, Esq. (State Bar No. 134865)
Timothy J. Kral, Esq. (State Bar No. 200919)

3

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

4

15th Floor at 801 Tower
801 South Figueroa Street

5

Los Angeles, CA 90017
Telephone: (213) 624-6900

6

Facsimile: (213) 624-6999
epr@manningllp.com, tjk@manningllp.com

7

8

Attorneys for Defendants, CITY OF MONTEREY PARK,
JIM SMITH, JAMES BIRRELL, PETER PALOMINO
and EVERADO ROMO

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-